IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DONALD J. DAVIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3-07-CV-1130-L |
| | § | |
| THE KROGER CO., d/b/a KROGER #527, et al., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendants' Motion to Strike or in the Alternative Motion for Additional Time to Respond to Plaintiff's First Amended Complaint, filed August 3, 2007.[1] Having considered the motion, response, record and applicable law, the court **denies** Defendants' Motion to Strike, and **grants** Defendants' Alternative Motion for Additional Time to Respond to Plaintiff's First Amended Complaint.

### I.     Factual and Procedural Background

Plaintiff Donald J. Davis ("Davis" or "Plaintiff") filed this lawsuit against Defendants in state court alleging employment discrimination and intentional infliction of emotional distress. Defendants timely removed the lawsuit to this court. On June 29, 2007, Defendants filed a Motion to Dismiss With Supporting Brief. On July 19, 2007, Plaintiff filed a First Amended Complaint.

---

[1] Plaintiff filed his response to Defendants' motion on August 3, 2007, the same day the motion was filed. On August 7, 2007, counsel for Defendants informed the courts law clerk that Defendants did not intend to file a reply brief.

**Memorandum Opinion and Order - Page 1**

**II.     Analysis**

Defendants have filed a motion to strike Plaintiff's First Amended Complaint, contending that Plaintiff failed to seek leave of court prior to filing his amended pleading. In his response, Plaintiff argues that pursuant to Fed. R. Civ. P. 15(a), leave of court was not required. The court agrees. Rule 15(a) provides that, "A party may amend its pleadings once as a matter of course any time before a responsive pleading is served . . . ." A motion to dismiss is not a "responsive pleading," and its filing therefore does not extinguish a party's right to amend as a matter of course. *McKinney v. Irving Indep. Sch. Dist.*, 309 F.3d 308, 315 (5th Cir. 2002) (and cases cited therein). As Defendants have not filed a responsive pleading, the court will deny Defendants' Motion to Strike.

Defendants have also filed their Alternative Motion for Additional Time to Respond to Plaintiff's First Amended Complaint, in the event the court denies their motion to strike. Defendants seek an additional ten days following the date of the court's order denying their motion to strike to respond to Plaintiff's First Amended Complaint. Plaintiff opposes the motion, arguing that Defendants did not file their motion for additional time until **after** the expiration of the deadline to file a response to Plaintiff's First Amended Complaint. Defendants' response to the First Amended Complaint was due on August 2, 2007.[2] Defendants filed their motion on August 3. Rule 6(b) provides:

---

[2]Plaintiff contends that the responsive pleading to his First Amended Complaint was due July 30, 2007. The court disagrees. Plaintiff filed his First Amended Complaint on July 19, 2007. The certificate of service indicates that service was effected by facsimile and electronic service that same day. Rule 15(a) provides that a response to an amended pleading shall be made within 10 days of service of the amended pleading. Rule 6(a) excludes intermediate Saturdays, Sundays and holiday when computing the time period when the period of time prescribed or allowed is less than eleven days, as in this case. Accordingly, the deadline for Defendants to respond to Plaintiff's First Amended Complaint was August 2, not July 30. Under either computation, however, Defendants' motion is late by one day.

**Memorandum Opinion and Order - Page 2**

> When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause may at any time within its discretion . . . (b) upon motion made after the expiration of the specified time period permit the act to be done where the failure to act was the result of excusable neglect.

Although Plaintiff is technically correct that the court should apply the "excusable neglect" standard, Defendants' motion was only one day late, not four days as suggested by Plaintiff. *See supra* n. 2. Moreover, Defendants relied, albeit erroneously, on their Motion to Strike, which the court this day denies. *See supra*. Under these factual circumstances, and given that the court can discern no legal prejudice to Plaintiff by granting the requested extension, the court will allow Defendants additional time to respond to Plaintiff's First Amended Complaint. *See generally Prudhomme v. Tenneco Oil Co.*, 955 F.2d 390, 392 (5th Cir. 1992) (district courts have broad discretion to manage their dockets); *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 367 (5th Cir. 1995) (district courts have broad discretion to expand filing deadlines). Accordingly, Defendants' Alternative Motion for Additional Time to Respond to Plaintiff's First Amended Complaint should be granted.

### III. Conclusion

Based on the foregoing, the court **denies** Defendants' Motion to Strike and **grants** Defendants' Alternative Motion for Additional Time to Respond to Plaintiff's First Amended Complaint. The court will allow Defendants until **Monday, August 20, 2007 at 5:00 p.m.**, to file a responsive pleading to Plaintiff's First Amended Complaint.

**It is so ordered** this 10th day of August, 2007.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge