IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DONALD J. DAVIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:07-CV-1130-L |
| | § | |
| THE KROGER CO., et al., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendants' Motion to Dismiss, filed June 29, 2007. After careful consideration of the motion, briefs, response, reply, record, appendices, and applicable authority, the court **grants in part** and **denies in part** Defendants' Motion to Dismiss.

### I. Background

Plaintiff Donald J. Davis ("Plaintiff" or "Davis") filed this action against Defendants in the 44th Judicial District Court, Dallas County, Texas, on May 22, 2007. Defendants are The Kroger Co., d/b/a Kroger #527; The Kroger Co., d/b/a Kroger #191; Kroger Texas, L.P.; Kroger Limited Partnership I; Kroger Dedicated Logistics Co.; KRPG, Inc.[*]; and Kroger Group Cooperative, Inc. (collectively "Kroger" or "Defendants").

In Plaintiff's Original Petition ("Petition"), Davis contends that Defendants discriminated and retaliated against him because of his race in violation of the Civil Rights Act of 1964, as amended. Davis also brought a claim for breach of the Collective Bargaining Agreement ("CBA"),

---

[*]Defendants state that Plaintiff incorrectly named KRPG, Inc., as a Defendant. The correct name is **KRGP, Inc.** Plaintiff has not contested this. The clerk of the court is **directed** to amend the docket sheet to reflect that the correct Defendant is **KRGP, Inc.** The parties are henceforth **directed** to use this Defendant's correct name in all future filings.

**Memorandum Opinion and Order - Page 1**

pursuant to the National Labor Relations Act, 29 U.S.C. § 185. With respect to state law claims, Davis brought claims of fraud, negligence, defamation, and intentional infliction of emotional distress against Defendants. He also sought damages, attorney's fees, and costs from Defendants.

Defendants removed this action to federal court on June 25, 2007, based on diversity and federal question jurisdiction. On July 19, 2007, Davis filed Plaintiff's First Amended Complaint ("Complaint"). In his Complaint, Plaintiff omitted his Title VII claims; omitted his CBA claim; added claims of racial discrimination pursuant to the Civil Rights Act of 1866, 42 U.S.C. § 1981; and added a claim pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq*. The particular provision that Plaintiff accuses Defendants of violating is 29 U.S.C. § 1140, which prohibits discrimination, retaliation, or disciplinary action against a participant or beneficiary who exercises a right under the provisions of an employee benefit plan. The Complaint includes all of the state law claims contained in Plaintiff's Petition, except Plaintiff's claim of intentional infliction of emotional distress. Davis characterizes his fraud claims as one of common-law fraud and fraud by non-disclosure. Plaintiff seeks monetary damages for past and future lost earnings, damages for past and future lost benefits, damages for mental anguish and medical expenses, equitable relief, exemplary damages, a declaratory judgment, and reasonable attorney fees and costs.

Defendants contend that Defendant Kroger Texas, L.P., was Plaintiff's employer and that it is the only Defendant that ever employed Plaintiff. Defendant Kroger Texas, L.P., denies Plaintiff's allegations that it committed unlawful racial discrimination or retaliation, under 42 U.S.C. § 1981 or otherwise, with regard to Plaintiff's employment. Defendant Kroger Texas, L.P., contends that all of its employment actions regarding Plaintiff were based upon legitimate, nondiscriminatory

reasons, that it acted in good faith and without malice at all relevant times in relation to Plaintiff, and that it had no intent to deny him of any rights under federal law.

Further, Defendants contend that they made no defamatory statements regarding Plaintiff and, even if such statements were made, the statements are not actionable because the statements were true, subject to absolute or qualified privileges, and made in good faith and without malice. Defendants further contend that Plaintiff's negligence and fraud claims must fail because they acted at all times in good faith, without malice, fraudulent intent, or negligence and in accordance with the appropriate standard of care.

With respect to Plaintiff's ERISA claim, Defendants contend that the alleged benefit plans referenced in Plaintiff's Complaint do not qualify as ERISA protected plans. Defendants further contend that any employment decisions regarding Plaintiff were made in good faith, with a reasonable belief that any acts or omissions about which Plaintiff complains did not violate ERISA. Defendants also assert several affirmative defenses. Rather than list all those defenses here, the court will address those defenses as necessary in this opinion.

**II.     Standard for Dismissal Pursuant to Rule 12(b)(6)**

To defeat a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, -- U.S. --, 127 S. Ct. 1955, 1974 (2007). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1965 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level, on the

assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted).

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F. 3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F. 3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). A court, however, is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).

### III. Analysis

#### A. Status of Defendants' Motion to Dismiss

Defendants filed the Motion to Dismiss on June 29, 2007, when the live pleading was Plaintiff's Petition. Subsequently, Davis filed Plaintiff's First Amended Complaint. The court first considers whether the motion to dismiss is moot because Davis has filed an amended complaint. As Wright, Miller, and Kane have noted:

> Defendants should not be required to file a new motion to dismiss simply because an amended pleading was introduced while their motion was pending. If some of the defects raised in the original motion remain in the new pleading, the court may simply consider the motion as being addressed to the amended pleading. . . . To hold otherwise would be to exalt form over substance.

Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Fed. Prac. & Proc. § 1476. Moreover, Defendants appear to consider their motion pending, as they filed a reply brief on August 3, 2007, after Davis filed Plaintiff's First Amended Complaint on July 19, 2007. While parts of the motion have been rendered moot by the amendment and withdrawal of certain claims, the court considers the motion to dismiss in light of the allegations in the First Amended Complaint.

#### B. Plaintiff's Title VII Claims

Plaintiff's Complaint is the live pleading, as it superseded Plaintiff's Petition. Plaintiff's Complaint contains no Title VII allegations. Davis acknowledges that his Complaint contains no Title VII allegations. Since Plaintiff's Complaint contains no Title VII claims, Defendants' Motion to Dismiss is moot as to such claims.

### C. Plaintiff's Claim for Intentional Infliction of Emotional Distress

Plaintiff's initial claim for intentional infliction of emotional distress has been withdrawn and is not asserted as a claim in Plaintiff's Complaint. As it no longer exists, Defendants' Motion to Dismiss is moot as to this claim.

### D. Plaintiff's Claim for Breach of the CBA

Plaintiff's Complaint does not contain a claim for breach of the CBA as did Plaintiff's Petition. As Plaintiff's Complaint is the live pleading, this claim is no longer before the court. Accordingly, Defendant's Motion to Dismiss is moot with respect to this claim.

### E. Plaintiff's Defamation Claims

Defendants contend that Plaintiff fails to meet the pleading requirements necessary for his defamation claims. Plaintiff, however, has repleaded his claims for defamation in his Complaint, and the allegations are much more specific. Defendants' motion is based on Plaintiff's Petition, and if Plaintiff had not repleaded, the court would agree with Defendants. As Defendants have not addressed the allegations in Plaintiff's Complaint, the court is uncertain of Defendants' position as to those claims.

Defendants also contend that Plaintiff's defamation claims are barred by the one-year statute of limitations. A claim for defamation (libel or slander) must be brought not more than one year after the cause of action accrues. Tex. Civ. Prac. & Rem. Code Ann. § 16.002 (Vernon 2002). Here again, Davis has been somewhat more specific in Plaintiff's Complaint as to the dates of allegedly defamatory acts by Defendants, which would fall within the applicable one-year statute of limitations. The court, however, expressly holds that any defamation claim based on the conduct of Defendants prior to May 22, 2006 is barred by the applicable statute of limitations. The court also

determines that whether Defendants are entitled to a qualified privilege is a matter that should be resolved by summary judgment, not at the pleadings stage.

### F. Plaintiff's Fraud Claims

Defendants contend that Plaintiff's fraud claims are not stated with particularity under the heightened pleading standard required under Rule 9, Federal Rules of Civil Procedure. The court agrees. While the allegations in the Complaint are more specific than those in the Petition, they nevertheless fall short of what is required of a cause of action for fraud. "A fraud cause of action requires a material misrepresentation, which was false, and which was either known to be false when made or was asserted without knowledge of its truth, which was intended to be acted upon, which was relied upon, and which caused injury." *Formosa Plastics v. Presidio Eng'rs and Contractors, Inc.*, 960 S.W.2d 41, 47 (Tex. 1998) (citation and internal quotation marks omitted). A plaintiff asserting fraud must plead the "who, what, when and where" as to the allegedly fraudulent conduct. In other words, to plead fraud with the requisite particularity, a pleading must specify the statements alleged to be fraudulent, "identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Barrie v. Intervoice-Brite, Inc.*, 397 F.3d 249, 256 (5th Cir.), *modified and reh'g denied*, 409 F.3d 653 (2005). Plaintiff's Complaint is deficient in this regard. Rather than dismiss the fraud allegations, Plaintiff is **directed** to replead them with the requisite particularity as required by Rule 9(b) within fifteen (15) days of the date of this order. If Plaintiff fails to so plead, Defendants may reurge their motion to dismiss as to the fraud claims.

### G. Plaintiff's Negligence Claims

Defendants contend that Plaintiff's negligence claims are barred by the two-year statute of limitations. The court agrees to the extent that any claim of negligence is based on conduct that occurred before May 22, 2005, and such claims may not proceed. Plaintiff alleges a continuing tort theory in that he contends the negligent conduct continues to the present. Thus any tort based on conduct occurring on or after May 22, 2005 is not barred by the statute of limitations.

With respect to Defendants' contention that Plaintiff's negligence claim is a repackaged version of his negligence claims and therefore cannot stand separately, the court is unable to rule on this matter. Defendants cite *Oliphint v. Richards*, 167 S.W.3d 513, 517-18 (Tex. App. – Houston [14th Dist.] 2005, pet. denied), to support its position. The holding in *Oliphint*, however, is at odds with the holding in *Mitre v. Brooks Fashion Stores, Inc.*, 840 S.W.2d 612, 623 (Tex. App. – Corpus Christi 1992, writ denied), *overruled on other grounds*, *Cain v. Hearst Corp.*, 878 S.W.2d 577, 579 (Tex 1994). The court believes that additional briefing is needed from the parties on this issue. Accordingly, the court denies without prejudice this ground as a basis for dismissal of Plaintiff's negligence claims.

### IV. Conclusion

For the reasons previously stated, Defendants' Motion to Dismiss is **granted in part** and **denied in part** to the extent herein set forth. Plaintiff **shall amend** his Complaint regarding his fraud claims within **fifteen** (15) days of the date of this order.

**It is so ordered** this 31st day of March, 2008.

*/s/ Sam A. Lindsay*
Sam A. Lindsay
United States District Judge